UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

MAYDA NEGRETE,                                        Case No. 22-11080 RAM

        Debtor.                                            Chapter 7
_____/

## DEBTOR'S RESPONSE TO TRUSTEE'S MOTION TO COMPEL

COMES NOW, the Debtor, MAYDA NEGRETE, (hereinafter referred to as "Debtor") by and through undersigned counsel and files this Response to Trustee's Motion to Compel and states the following:

1. Debtor filed the instant Chapter 7 Bankruptcy case on February 10, 2022, and attended her 341 meeting on March 10, 2022, which was concluded.

2. On or about April 10, 2022, the deadline to file objections to exemptions expired. No extensions were requested and/or provided.

3. On or about May 10, 2022, Trustee requested an additional 30-day extension for deadline on dischargeability as he intends to value the Debtor's RV. Debtor agrees and the deadline is extended through June 10, 2022.

4. Sometime in May 2022, the Trustee has an appraiser, after applying for the appropriate Court order, go to Debtor's house to inspect and appraise an RV which was listed, not exempt, and intended to surrender same in Debtor's petition. The RV has a lien in excess of $30,000.00.

5. An appraisal for the Trustee came back much less than the secured loan. Nonetheless, the Trustee instructed Debtor to fully comply with the sale of the RV. At some point, the Trustee realized the amount of the secured loan on the RV, which was always part of the schedules, and abandoned the idea of selling the RV as there was no equity.

6. At all times, Debtor has fully complied with Trustee.

7. On June 10, 2022, the deadline to object to dischargeability expired. No extension request was filed or sought by the Trustee.

8. On June 23, 2022, Debtor received her Discharged.

9. After Discharge, on June 27, 2022, a request for documents is received referencing an email of June 9, 2022, a day prior to the deadline.

10. The Trustee's request and the subsequent motion to compel reference an "undisclosed" account and this is inaccurate as same is not Debtor's account.

11. The only remaining remedy the Trustee may have had would be to file an objection to a claimed exemption one year after the closing of the case under Rule 4003 (2), however, the alleged "undisclosed" account was never claimed as exempt so this does not apply to Debtor.

12. The Trustee had 4 months in which to request documents and claims to have done so on the last day prior to deadline, June 9, 2022.

13. The deadlines have expired and are statutorily strictly enforced.  See *Byrd v. Alton (In re: Alton) 837 F.2d 457 (11th Cir 1988); Western Union Fin Servs v. Mascarenhas (In re: Mascarenhas), 382 B.R. 857 (Bankr. S.D. Fla 2008); In re: Waugh 109 F.3d 489 (8th Cir. 1997); Coral & Stones Unlimited Corp. v. Abraham, U.S. District Court Southern District of Fl, Case No: 18-23658 CIV Scola; In re: Lee, 238 B.R. 906 (1999).*

WHEREFORE, Debtor respectfully request that this Court enter an order denying Trustee's Motion to Compel and whatever other relief it deems just and reasonable.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am following the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

DATED this 27th day of July 2022.

Respectfully submitted,

Law Offices of Emmanuel Perez
901 Ponce de Leon Blvd., Suite 101
Coral Gables, FL  33134
Tel (305) 442-7443

By:      /s/Emmanuel Perez
   Emmanuel Perez, Esquire
   FBN:  586552